| | | |
|---|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY d/b/a NAKED LIME MARKETING and REYNA CAPITAL CORP. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **ORDER** |
| CHARLOTTE IMPORT CARS, INC. | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Enter Final Judgment and Confirm Arbitration Award. (Doc. No. 10). The Court will **GRANT** Plaintiffs' motion.

Plaintiffs executed written contracts with Defendant that contained binding agreements to arbitrate. After Defendant defaulted on its obligations to Plaintiffs in 2022, Movants filed a demand for arbitration. (Doc. No. 1 Ex. 2 at 10). Plaintiffs obtained an arbitration award on March 5, 2023, in the amount of $710,730.01. (Doc. No. 1 Ex. 1 at 2).

Plaintiffs now move this Court to confirm the award and enter judgment thereon. The Federal Arbitration Act requires this Court to "grant such an order unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9. Plaintiffs represent that the award has not been vacated, modified, or corrected. (Doc. No. 1).

This Court's subject matter jurisdiction is proper based on diversity of citizenship. 28 U.S.C. § 1332. Venue was properly laid because Defendant is a resident of the Western District of North Carolina. Personal jurisdiction over Defendant is proper since Defendant's registered

1

agent accepted personal service of process on July 21, 2023. (Doc. No. 7).

Defendant, despite receiving notice of these proceedings, has neither filed an answer nor opposed Plaintiffs' motion. Consequently, the Clerk entered a default as to Defendant on September 14, 2023. (Doc. No. 9). Because Plaintiffs adduce documentary evidence and affidavits that permit computation of the sum certain to which they are entitled, an evidentiary hearing is not required for this Court to enter a default judgment. FED. R. CIV. P. 55.

**IT IS, THEREFORE, ORDERED** that Plaintiffs shall take final judgment against Charlotte Import Cars, Inc. in the amount of $710,730.01, plus judgment interest at the federal judgment interest rate from the date of entry of the judgment. 28 U.S.C. § 1961.

Signed: October 20, 2023

Max O. Cogburn Jr.
United States District Judge

2